IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BURKLEY SAIN,

    Plaintiff,

v.                                                  No. 09-1088

CITY OF JACKSON, TENNESSEE,

    Defendant.

_____

ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION
_____

        The *pro se* Plaintiff, Burkley Sain, brought this action against the Defendant, the City of Jackson, Tennessee (the "City") on April 9, 2009, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* In an order entered October 6, 2009, the Court granted the City's motion to dismiss Sain's claims for punitive damages, failure to promote, hostile work environment and retaliation. Before the Court is the Plaintiff's filing entitled "Plaintiff's Response of Opposition to Court's Order Granting Defendant's Motion for Partial Dismissal" (D.E. 21).

        Upon review thereof, the Court construes the document as a request for reconsideration of that portion of the Court's October 6, 2009 order dismissing his claims for failure to promote, hostile work environment and retaliation. With respect to these claims, it was the opinion of the Court that Sain failed to exhaust his administrative remedies by not including them in his charge filed with the Equal Employment Opportunity Commission (EEOC). The Court also found that the equitable tolling doctrine did not apply based on his failure to offer evidence from which the undersigned

could determine the presence of any factor supporting such relief.[1]

The Plaintiff does not identify the procedural rule upon which his motion is based and the Federal Rules of Civil Procedure do not specifically provide for motions to reconsider. Rodriguez v. City of Cleveland, No. 1:08-CV-1892, 2009 WL 1565956, at *1 (N.D. Ohio June 3, 2009). However, the Sixth Circuit has held that a motion to reconsider may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Id. (citing Smith v. Hudson, 600 F.2d 60, 62 (6th Cir. 1979)); Doe v. Patton, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005), *aff'd sub nom.* Doe v. Magoffin County Fiscal Ct., 174 F. App'x 962 (6th Cir. 2006).

"[T]he purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Gritton v. Disponett, 332 F. App'x 232, 238 (6th Cir. 2009) (quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)). "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." Id. (quoting General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc., 190 F.3d 434, 445 (6th Cir. 1999)). Whether

---

[1]The Court noted in its opinion that, according to Dixon v. Gonzales, 481 F.3d 324, 330-31 (6th Cir. 2007), *reh'g denied* (May 16, 2007), the following five factors are relevant to a determination of whether equitable tolling should be allowed: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. The factors are not exclusive and the tolling decision is to be made on a case-by-case basis. (*See* Order Granting Def.'s Mot. for Partial Dismissal at 7.)

to grant such a motion lies within the discretion of the trial court. Betts v. Costco Wholesale Corp., 558 F.3d 461, 467 (6th Cir. 2009) (citation omitted). "Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion." Martinez v. McGraw, No. 3:08-0738, 2010 WL 1493846, at *2 (M.D. Tenn. Apr. 14, 2010) (citation omitted). "It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." Sherwood v. Royal Ins. Co. of Am., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (citation omitted).

     In the instant motion, the Plaintiff does not argue that one of the three reasons set forth above supports his claim for relief. Rather, he attempts to introduce copies of letters he insists that he sent to the EEOC concerning his claims. All are dated prior to the filing of his complaint. He does not contend that they were unavailable prior to the Court's ruling on the motion. Indeed, he offers no reason whatever for his failure to provide this correspondence to the Court when he filed his response to the City's motion other than that he was unaware he must establish exhaustion. However, as failure to show exhaustion was the basis for the Defendant's motion, it would seem reasonable to submit the letters to the Court in response to the motion out of an abundance of caution if nothing else. Sain also maintains that he has "limited electronic ability." Judging from his filing of the letters contemporaneously with the instant motion, however, it appears he now possesses sufficient electronic ability to place them before the Court. He offers no explanation for why he could not have done so prior to the Court's ruling. As the Plaintiff has failed to convince the Court that he is entitled to the relief sought, the motion is DENIED.

IT IS SO ORDERED this 28th day of April 2010.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE